### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

Docket Number(s): 24-3141                                    Caption [use short title]

Motion for: Dismissal of Plaintiffs-Appellees'

Cross-Appeal for Lack of Jurisdiction                **Shafer v. Morgan Stanley**

Set forth below precise, complete statement of relief sought:

Dismiss Plaintiffs-Appellees' cross-appeal for lack of jurisdiction.

MOVING PARTY: Morgan Stanley, et al                    OPPOSING PARTY: Matthew T. Shafer, et al

☐ Plaintiff          ☒ Defendant

☒ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Meaghan VerGow          OPPOSING ATTORNEY: Mathew P. Jasinski

[name of attorney, with firm, address, phone number and e-mail]

O'Melveny & Myers LLP                          Motley Rice LLC

1625 Eye Street NW, Washington, D.C. 20006     20 Church Street, 17th Floor, Hartford, CT 06103

(202) 383-5300, mvergow@omm.com              (860) 218-2725, mjasinski@motleyrice.com

Court- Judge/ Agency appealed from: Southern District of New York (Gardephe, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☒ Yes  ☐ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?  ☒ Yes  ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☒ No  If yes, enter date: _____

Signature of Moving Attorney:

_Meaghan VerGow_ Date: 1/6/2025          Service : ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

No. 24-3141

# United States Court of Appeals

### for the

# Second Circuit

MATTHEW T. SHAFER, SHERI HAUGABOOK, PETER HEIDT, JEFFREY SHOVER, MACE TAMSE, GEORGE LIVANOS, MARK LOFTUS, JEFFREY SAMSEN, JEFFREY SHERESKY, STEVE SHERESKY, STEVE NADLER, AND SANDY JUKEL,

*Plaintiffs-Appellees-Cross-Appellants,*

*-against-*

MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, AND MORGAN STANLEY COMPENSATION MANAGEMENT DEVELOPMENT AND SUCCESSION COMMITTEE,

*Defendants-Appellants-Cross-Appellees.*

---

**DEFENDANTS-APPELLANTS' COMBINED OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS & CROSS-MOTION TO DISMISS PLAINTIFFS-APPELLEES' CROSS-APPEAL FOR LACK OF JURISDICTION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................1

BACKGROUND ...............................................................................3

ARGUMENT ...................................................................................9

    I.    PLAINTIFFS' MOTION TO DISMISS MORGAN
         STANLEY'S APPEAL SHOULD BE DENIED................................9

         A.    This Court Has Jurisdiction Over Morgan Stanley's
               Appeal Under Section 16(A)(1)(B) Of The Federal
               Arbitration Act. ........................................................9

         B.    If Necessary, This Court Should Treat Morgan Stanley's
               Appeal as a Mandamus Petition and Exercise Its
               Mandamus Jurisdiction. ..........................................17

    II.    THIS COURT LACKS JURISDICTION OVER PLAINTIFFS'
         CONDITIONAL CROSS-APPEAL. ................................18

CONCLUSION ...............................................................................21

# TABLE OF AUTHORITIES

**Cases**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986)..................................................................................7, 18

*Britt v. Garcia*,
457 F.3d 264 (2d Cir. 2006)...............................................................20

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985)..........................................................................10

*Devon Robotics, LLC v. DeViedma*,
798 F.3d 136 (3d Cir. 2015).............................................................15

*Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*,
374 F.3d 1 (1st Cir. 2004)..................................................................14

*Gelb v. Royal Globe Ins. Co.*,
798 F.2d 38 (2d Cir. 1986)................................................................13

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991)............................................................................10

*Green Tree Financial Corp.-Alabama v. Randolph*,
531 U.S. 79 (2000)............................................................................16

*Henry on behalf of BSC Ventures Holdings, Inc. Emp. Stock
Ownership Plan v. Wilmington Tr. NA*,
72 F.4th 499 (3d Cir. 2023)..............................................................13

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
586 U.S. 63 (2019)............................................................................14

*In re Am. Exp. Fin. Advisors Sec. Litig.*,
672 F.3d 113 (2d Cir. 2011)...................................................... 10, 13

*In re United States*,
945 F.3d 616 (2d Cir. 2019)..............................................................18

*Jonesfilm v. Lions Gate Films, Inc.*,
65 F. App'x 361 (2d Cir. 2003) ........................................................15

*Katz v. Cellco P'ship*,
794 F.3d 341 (2d Cir. 2015)..............................................................19

*Loc. Union 97, Int'l Bhd. of Elec. Workers, AFL-CIO v. Niagara Mohawk Power Corp.*,
   67 F.4th 107 (2d Cir. 2023)...............................................................10

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985)........................................................................10

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010).......................................................20, 21

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
   162 F.3d 748 (2d Cir. 1998)..........................................................21

*Shafer, et al. v. Morgan Stanley*,
   No. 20-cv-11047 (S.D.N.Y.)..............................................................3

*Sheldon v. PHH Corp.*,
   135 F.3d 848 (2d Cir. 1998)...........................................................19

*Smith v. Spizzirri*,
   601 U.S. 472 (2024)........................................................................14

*Stein v. KPMG, LLP*,
   486 F.3d 753 (2d Cir. 2007)...........................................................18

*Transit Mix Concrete Corp. v. Local Union No. 282, Int'l Bhd. of Teamsters*,
   809 F.2d 963 (2d Cir. 1987)..................................................7, 10, 13

*Turi v. Main St. Adoption Servs., LLP*,
   633 F.3d 496 (6th Cir. 2011)..........................................................14

*United Steelworkers of Am. v. Am. Mfg. Co.*,
   363 U.S. 564 (1960)..........................................................................7

*Van Dusen v. Swift Transp. Co. Inc.*,
   830 F.3d 893 (9th Cir. 2016)..........................................................16

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989)...................................................................1, 10

*Wabtec Corp. v. Faiveley Transp. Malmo AB*,
   525 F.3d 135 (2d Cir. 2008)...........................................................15

*Warney v. Monroe Cnty.*,
   587 F.3d 113 (2d Cir. 2009)...........................................................19

*Young v. Verizon's Bell Atl. Cash Balance Plan*,
  615 F.3d 808 (7th Cir. 2010)...................................................................12

**Statutes**

9 U.S.C. § 16(b)(2)........................................................................2, 19

9 U.S.C. § 4.........................................................................................10

9 U.S.C. §16(a)(1)(B) ...................................................................9, 10

## INTRODUCTION

Morgan Stanley[1] appeals the district court's improper adjudication of the merits of a dispute that the court itself held the parties had validly agreed to arbitrate. By pronouncing that plaintiffs' deferred compensation awards are ERISA pension plans, the court effectively resolved the merits of plaintiffs' claims in plaintiffs' favor, and thus *denied* Morgan Stanley's contractual right to arbitrate those claims. This Court has jurisdiction under Section 16 of the Federal Arbitration Act ("FAA") to remedy the district court's effective denial of Morgan Stanley's right to arbitrate.

Plaintiffs' arguments against appellate jurisdiction misread Section 16. That provision, along with the rest of the FAA, has the "primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). Here, Morgan Stanley asks this Court to do exactly that: enforce the parties' arbitration agreements as written, by vacating the district court's improper (and unnecessary) ERISA finding so that *arbitrators* may determine the merits of plaintiffs' claims. Because the district court purported to resolve the merits of claims the parties agreed to arbitrate, Section 16 grants jurisdiction over Morgan

---

[1] This opposition refers to Morgan Stanley, Morgan Stanley Smith Barney LLC, and the Morgan Stanley Compensation Management Development and Succession Committee collectively as "Morgan Stanley."

Stanley's appeal. Other circuits have reviewed district court decisions under similar circumstances, and no authority, including that cited by plaintiffs, forecloses review.

Moreover, even if Section 16 did not afford this Court appellate jurisdiction, the Court could treat Morgan Stanley's appeal as a petition for a writ of mandamus and correct the district court's egregious error under its mandamus jurisdiction. As Morgan Stanley will explain in its forthcoming merits brief, the standard of mandamus relief is readily satisfied here. Either way, plaintiffs' motion to dismiss should be denied.

This Court should, however, dismiss *plaintiffs'* cross-appeal. Plaintiffs, preferring to litigate class claims, seek review of the district court's nominal decision to send the matter to arbitration—but Section 16 squarely precludes any appeal "taken from an interlocutory order directing arbitration," 9 U.S.C. § 16(b)(2). Nothing about Morgan Stanley's appeal lifts that bar: If Morgan Stanley is correct that the district court effectively *denied* arbitration by resolving the central merits issue in plaintiffs' favor, then plaintiffs, as the prevailing party, still cannot appeal. With no jurisdictional basis to review the determination that the relief plaintiffs seek must be ordered by an arbitrator, the cross-appeal should be dismissed.

## BACKGROUND

This appeal arises out of a dispute between Morgan Stanley and several former financial advisors over unearned deferred compensation awards. To promote retention and good guardianship, Morgan Stanley issues contingent awards that vest after four or six years. *See* Dkt. 58 ("Am. Compl.") ¶ 27.[2] The terms of the awards are clear: If a financial advisor leaves or engages in misconduct before the awards vest, then the awards are cancelled. Dkt. 83-5 at 3, 7; Dkt. 83-10 at 1–2. Here, plaintiffs' unvested awards were cancelled according to those express terms when plaintiffs voluntarily resigned from Morgan Stanley to join competitors. Am. Compl. ¶¶ 11–22. Plaintiffs responded by filing a putative class action alleging that the awards are really an "employee pension benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA") and thus could not lawfully be subject to cancellation under ERISA's vesting provisions. *Id.* ¶¶ 6, 98–117.

Because the parties had entered into valid, governing arbitration agreements, in May 2022, Morgan Stanley moved to compel arbitration under the Federal Arbitration Act. Dkt. 65; Dkt. 66 at 7–14. Plaintiffs opposed the motion on the ground that their claims included representative claims that were not subject to the

---

[2] "Dkt." refers to the district court docket below, *Shafer, et al. v. Morgan Stanley*, No. 20-cv-11047 (S.D.N.Y.).

parties' agreement to arbitrate.[3]  Dkt. 72 at 10.  Plaintiffs further argued that any agreement to arbitrate their claims would be "unenforceable . . . as a 'prospective waiver of'" their rights to pursue certain remedies under ERISA.  *Id.* at 16.

The underlying dispute between the parties turns entirely on whether ERISA governs plaintiffs' claims—if it does not, plaintiffs have no right to awards they failed to earn.  But the motion to compel arbitration did *not* turn on whether ERISA applies—Morgan Stanley structured its arguments to show that plaintiffs' claims were arbitrable whether the awards were ERISA-governed or not.  *See* Dkts. 66, 69, 76, 81.  All plaintiffs had entered valid arbitration agreements that encompassed ERISA claims.  Dkt. 66 at 7–14.  Plaintiffs could obtain the relief they were seeking under ERISA—reformation of their award terms and the payment of benefits—in arbitration.  Dkt. 69 at 6.  And plaintiffs' pleading of a "representative" claim did not create a barrier to arbitration—plaintiffs are seeking to recover benefits they claim are due *to* them *from* the alleged plan, and that quintessential individual-benefits claim is unquestionably arbitrable.  Dkt. 66 at 14.

Neither party asked the district court to resolve whether the awards were in fact an ERISA pension plan, and at no point in thirty-one pages of briefing did

---

[3] Plaintiffs brought a claim to recover individual benefits under 29 U.S.C. § 1132(a)(1)(B) as well as a claim for appropriate equitable relief under 29 U.S.C. § 1132(a)(3) and a representative claim on behalf of the putative ERISA plan under 29 U.S.C. § 1132(a)(2).

Morgan Stanley even take a position on whether the deferred compensation awards are subject to ERISA.

More than a year after the parties finished briefing Morgan Stanley's motion, the district court *sua sponte* issued an order directing the parties to submit five-page "letters addressing whether [p]laintiffs' allegations . . . demonstrate[] that the deferred compensation program is an ERISA plan." Dkt. 82 at 2. A companion docket entry also indicates that the Court reached out to plaintiffs *ex parte* to ask them to submit the documents on which they relied in their complaint. Dkt. 83 (submission responding to "the request received from [the court]'s Chambers" "to provide the court with [certain] documents cited in their Amended Complaint").[4] Morgan Stanley's letter responded to the court's order, but also reiterated that this dispositive merits question must be decided in arbitration: "plaintiffs may—***and must***—obtain any relief on their ERISA claims in arbitration." Dkt. 85 at 5 (capitalization altered) (emphasis added).

On November 21, 2023, the district court issued a memorandum opinion and order purporting to grant Morgan Stanley's motion to compel arbitration. Dkt. 86. The court found that the parties entered valid arbitration agreements. *Id.* at 15–27. The court agreed with Morgan Stanley that plaintiffs raise individual benefits

---

[4] This request was not shared with Morgan Stanley, nor was Morgan Stanley invited to submit any documents of its own.

claims on which they may obtain complete relief in arbitration. *Id.* at 41–55. But, remarkably, the court then proceeded to address the single, dispositive merits issue in the case—*i.e.*, whether Morgan Stanley's awards do in fact qualify as a pension plan under ERISA—and concluded that they do. *Id.* at 29–39. Within 24 hours of the court's decision, plaintiffs' counsel publicly characterized the finding as conclusively resolving the merits of the parties' dispute.[5]

The merits discussion was entirely unnecessary to the court's arbitration ruling. Omit it from the opinion and the arbitration analysis is exactly the same—plaintiffs' claims are arbitrable whether the awards are ERISA-governed or not, because they are arbitrable *even if* ERISA applies. The district court accordingly should not have ventured into the merits at all, under the well-established rule

---

[5] *See* Miriam Rozen, *Ex-Morgan Stanley Brokers Must Arbitrate Class Claim Over Deferred Comp, Judge Rules*, AdvisorHub (Nov. 22, 2023), https://www.advisorhub.com/ex-morgan-stanley-brokers-must-arbitrate-class-claim-over-deferred-comp-judge-rules/ ("Judge Gardephe concluded that the Morgan Stanley deferred compensation plan is an ERISA pension plan … . This means that our clients' deferred compensation is vested and non-forfeitable."). Other lawyers also began using the decision to solicit prospective clients to pursue copycat claims against Morgan Stanley in arbitration. Approximately 80 such arbitrations are pending against Morgan Stanley today. In these arbitrations, claimants are asserting that the district court's order is dispositive. At the first hearing following the district court's November 2023 order, claimants argued that the district court's opinion "is the law," "it holds in no uncertain terms that Morgan Stanley's plans are governed by the broad law ERISA," and the "panel's job . . . is to apply the law." Dkt. 94-2 at 20:1–24:1. Of course, Morgan Stanley disputes that a judicial finding in plaintiffs' suit resolves the merits of claimants' claims in other cases—but the pendency of the order is nevertheless producing far-reaching prejudicial effects in other arbitrations.

against courts "rul[ing] on the potential merits of the underlying claims" directed to arbitration. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *see Transit Mix Concrete Corp. v. Loc. Union No. 282, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 809 F.2d 963, 967 (2d Cir. 1987) (stating the same); *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960) (noting that courts "have no business weighing the merits of the grievance" reserved for arbitration).

On December 5, 2023, Morgan Stanley timely moved for reconsideration or clarification of the district court's November 2023 order. Dkt. 88. Morgan Stanley asked the court to clarify that it did not intend to rule on the merits of plaintiffs' claims in deciding the motion to compel arbitration, or alternatively to reconsider its ERISA finding if that was in fact its intention. *Id.* On April 2, 2024, Morgan Stanley filed an emergency motion for leave to submit a declaration and certain arbitration-related documents demonstrating the exigency of the motion for reconsideration, which had been pending before the district court for four months. Dkt. 93. Morgan Stanley explained that it was facing an "imminent threat of recurring irreparable harm" absent reconsideration or clarification of the district court's order, given that plaintiffs and other arbitration claimants are citing it as conclusively resolving the merits of these claims. *Id.* at 3.

On May 24, with the motion for reconsideration still pending, Morgan Stanley petitioned this Court for a writ of mandamus directing the district court (1) to compel arbitration without purporting to resolve whether the deferred compensation awards are ERISA-governed, or alternatively (2) to rule promptly on the motion for reconsideration so that Morgan Stanley could appeal to this Court in the ordinary course. No. 24-1485 (2d Cir.), ECF No. 1. On August 27, the Court denied the petition "without prejudice to renewal if the district court fails to act on the reconsideration motion within a reasonable time." No. 24-1485 (2d Cir.), ECF No. 24.

On November 5, the district court denied Morgan Stanley's motion for reconsideration or clarification. The district court doubled down on its merits determination, stating the original order had indeed "*addressed and resolved* the parties' dispute as to whether the deferred compensation programs at issue are covered by ERISA." Dkt. 99 at 2 (emphasis added). The district court rejected Morgan Stanley's request to clarify that it did not intend to resolve the merits of the dispute, because it had in fact unambiguously "concluded that Morgan Stanley's deferred compensation programs are ERISA plans." *Id.* at 16 (quotation omitted). The district court then rejected Morgan Stanley's request to reconsider

reaching the ERISA issue, erroneously concluding that it needed to reach that issue in order to resolve Morgan Stanley's motion. *Id.* at 16–33.[6]

On November 29, Morgan Stanley timely appealed both the district court's order denying reconsideration as well as the underlying November 2023 order on the motion to compel arbitration. Dkt. 100. On December 12, 2024, plaintiffs filed a notice of a cross-appeal conditioned on this Court "determin[ing] that jurisdiction over [Morgan Stanley's] appeal is proper." Dkt. 101.

## ARGUMENT

## I. PLAINTIFFS' MOTION TO DISMISS MORGAN STANLEY'S APPEAL SHOULD BE DENIED.

### A. This Court Has Jurisdiction Over Morgan Stanley's Appeal Under Section 16(A)(1)(B) Of The Federal Arbitration Act.

Section 16 of the FAA authorizes an appeal from any order "denying a petition ... to order arbitration to proceed." 9 U.S.C. §16(a)(1)(B). Because both the district court's November 2023 order and its November 2024 reconsideration order purported to decide the merits of plaintiffs' claims and thereby effectively denied Morgan Stanley's motion to compel arbitration, this Court has jurisdiction over Morgan Stanley's appeal.

---

[6] The district court reasoned that if it concluded that the plans were not ERISA plans, then plaintiffs' arguments against arbitration would fail. Dkt. 99, at 19. The problem with that logic is that the court decided the claims were arbitrable *even if ERISA applied*—meaning the court did *not* have to reach the ERISA issue before getting to arbitrability. Finding ERISA inapplicable would have been *sufficient* to order arbitration, but it wasn't *necessary* to order arbitration.

The FAA reflects a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (internal quotation marks omitted). The statute's "primary purpose [is to] ensur[e] that private agreements to arbitrate are enforced according to their terms." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127 (2d Cir. 2011) (quoting *Volt*, 489 U.S. at 479). As the Supreme Court has observed, this purpose is manifested throughout "the [FAA] as a whole." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985).

Section 16 furthers that purpose. Section 4 of the FAA authorizes a party to an arbitration agreement to move a district court to compel arbitration, 9 U.S.C. § 4—it "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed," *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985), and prohibits district courts from passing on the "potential merits" of an arbitrable claim. *See Transit Mix Concrete Corp.*, 809 F.2d at 967; *Loc. Union 97, Int'l Bhd. of Elec. Workers, AFL-CIO v. Niagara Mohawk Power Corp.*, 67 F.4th 107, 117 (2d Cir. 2023) ("We express no view on the merits of the . . . grievance; that is a question for the arbitrator."). Section 16 authorizes immediate appeal when a district court denies a petition to compel arbitration under Section 4. *See* 9 U.S.C. § 16(a)(1)(B).

Here, the district court purported to rule on an "issue[] as to which an arbitration agreement has been signed." *Dean Witter Reynolds*, 470 U.S. at 218. The district court unambiguously purported to resolve the ERISA-coverage question against Morgan Stanley, in disregard of Section 4's mandate to direct the merits to arbitration. *See* Dkt. 86 at 29–39 ("[T]his Court concludes that Morgan Stanley's deferred compensation programs are ERISA plans."); Dkt. 99 at 2 (stating the November 2023 order had "*addressed and resolved* the parties' dispute as to whether the deferred compensation programs at issue are covered by ERISA" (emphasis added)); *id.* at 19 (erroneously insisting that resolving the issue was logically necessary to determining whether plaintiffs' claims are arbitrable). To be clear, the district court did not merely comment on a collateral issue in the case—it professed to resolve the *central merits question* in the parties' underlying dispute. Plaintiffs claim that they are entitled to payment on their unearned deferred compensation awards, even though they concededly did not meet the conditions for payment, because the awards are really ERISA plans. If the awards are not subject to ERISA, then plaintiffs' claims necessarily fail. But if the awards *are* subject to

ERISA, the awards' vesting requirements undisputedly do not comply with ERISA's anti-forfeiture provisions.[7]

The district court's determination thus effectively denied Morgan Stanley's right to have an arbitrator decide that issue in this dispute with plaintiffs. Plaintiffs themselves have touted it as ruling in their favor on the merits. For all practical purposes, the district court's order has deprived Morgan Stanley of its contractual right to arbitrate the merits of plaintiffs' claims—which is precisely what Section 4 prohibits district courts from doing, and precisely the harm Section 16(a)(1)(B) exists to remedy. The district court's ERISA-coverage determination is therefore reviewable under Section 16.

Plaintiffs contest this Court's jurisdiction to hear Morgan Stanley's appeal on various grounds, none of which has merit.

*First*, plaintiffs emphasize a rigid, overly formalist reading of Section 16: In their view, because Section 16(a)(1)(B) specifies that an appealable order must "deny" a Section 4 petition to arbitrate, and Section 16(b) precludes appeals taken from interlocutory orders granting such petitions, there can be no jurisdiction over an appeal from an order formally granting a Section 4 petition. Plaintiffs' Mot. at

---

[7] If the deferred compensation awards were determined to be ERISA pension plans, Morgan Stanley would be limited to asserting equitable defenses to plaintiffs' claims. *See, e.g., Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 822 (7th Cir. 2010).

6–8.  But a district court necessarily denies a petition under Section 4 when it passes on the "potential merits" of an arbitrable claim.  *See Transit Mix Concrete Corp.*, 809 F.2d at 967.  What's more, Congress crafted Section 16, along with the rest of the FAA, to "ensur[e] that private agreements to arbitrate are enforced *according to their terms*."  *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d at 127 (emphasis added).  The FAA could not fulfill that purpose if no appeal could be taken from an order that gratuitously reaches the merits of a dispute the parties validly contracted to arbitrate.[8]

Although the Second Circuit has not squarely addressed jurisdiction under the present circumstances, other circuits have adopted this pragmatic approach to interpreting Section 16.  This Court should follow their lead.  For example, the Third Circuit has "consistently held that under [Section] 16(a), all orders that have the *effect* of declining to compel arbitration [are] reviewable."  *Henry on behalf of BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 505 (3d Cir. 2023) (emphasis added and internal quotation marks omitted); *id.* (noting that "[t]he substance of the motion and order, and not its form,

---

[8] To state the obvious, if the ruling were not appealable, then it could not operate as a merits ruling.  *See Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986) ("[I]nability to obtain appellate review, or the lack of such review once an appeal is taken, does prevent preclusion.").  Yet plaintiffs and other claimants have taken the position that the ruling is dispositive, and nothing in the district court's order instructs the arbitration panels that the ruling does not have to be followed, *see* Dkt. 86.

determines its appealability").  Other circuit courts are in accord.  *See, e.g.*, *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 6 (1st Cir. 2004) (finding jurisdiction over an order on a motion to dismiss because the order effectively denied a Section 4 petition); *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 501 (6th Cir. 2011) (explaining that Section 16(a) jurisdiction "was intended precisely to support a party's contractual right to resolve certain questions through arbitration and avoid court proceedings altogether" (cleaned up)), *abrogated on other grounds by Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 (2019).

Equally important, none of the cases cited by plaintiffs forecloses jurisdiction over Morgan Stanley's appeal.  *Smith v. Spizzirri*, 601 U.S. 472 (2024), simply states that Congress's choice to "provide for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration is consistent with Congress's purpose in the FAA to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."  *Id.* at 478 (cleaned up).  While that is generally true, the *Smith* Court had no occasion to consider whether Section 16 provides jurisdiction over orders (such as the underlying one on appeal here) that nominally grant arbitration but make judicial findings on the merits of the parties' dispute.  If it had confronted the

question, there are compelling first-principles reasons to believe the Supreme Court would have concluded that the answer is yes. *See supra* at 10–12.

The other cases relied upon by plaintiffs—*Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135 (2d Cir. 2008), *Devon Robotics, LLC v. DeViedma*, 798 F.3d 136 (3d Cir. 2015), and *Jonesfilm v. Lions Gate Films, Inc.*, 65 F. App'x 361 (2d Cir. 2003)—are all similarly inapposite. The *Wabtec* and *Devon Robotics* courts determined that they had no jurisdiction pursuant to Section 16 because the motions underlying the challenged orders did not petition the district court to compel arbitration in the first place. *See Wabtec*, 525 F.3d at 140 ("Nor did the motion implicitly petition the district court to compel arbitration."); *Devon Robotics*, 798 F.3d at 147–48 (noting the motion "did not reference § 4 or § 206 [of the FAA], and did not request an order compelling arbitration" and that it "requested only summary judgment and dismissal with prejudice"). That defect is obviously not present here. And in *Jonesfilm*, this Court rejected Section 16 jurisdiction over an appeal premised on the argument that "the district court erred in compelling [the parties] to arbitrate" the plaintiff's claims. *See* 65 F. App'x at 362. Here, by contrast, Morgan Stanley does not challenge the district court's correct decision to direct the parties to arbitration; rather, it appeals only the court's ERISA-coverage finding which has *prevented* meaningful arbitration on the

merits.  To the extent the aforementioned cases speak to the scope of Section 16 jurisdiction, they do so in entirely distinguishable contexts.

Plaintiffs' reliance on *Van Dusen v. Swift Transp. Co. Inc.*, 830 F.3d 893 (9th Cir. 2016) is also misplaced.  The Ninth Circuit's rejection of an "effective denial" theory of Section 16 jurisdiction turned on an overreading of the Supreme Court's opinion in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000).  Specifically, the *Van Dusen* court concluded that the Supreme Court "declined to adopt the view that, based on the FAA's policy, the Act permits the appeal of *any* interlocutory order hostile to arbitration, but prevents the appeal of [*any* interlocutory] order that favors it."  830 F.3d at 898.  But the validity of that view was never even at issue in *Green Tree*:  That case involved the appealability of a *final* decision with respect to an arbitration under Section 16(a)(3), *see* 531 U.S. at 86–89, so the Supreme Court had no reason to opine on the scope of *interlocutory* appeals under the statute.  Thus, *Green Tree* is no impediment to Morgan Stanley's appeal.  In any event, finding jurisdiction here would not require this Court to adopt the view that that *any* interlocutory order hostile to arbitration is appealable.  It is sufficient that Section 16(a) permits jurisdiction over orders that effectively deny a party the right to arbitrate an arbitrable issue.

***Second***, plaintiffs maintain that "there can be no 'effective denial' of arbitration in a case where arbitration is proceeding."  Plaintiffs' Mot. at 9.  But

- 16 -

that misses the point—arbitration is effectively *not* proceeding on the central issue the district court's order improperly decided. Plaintiffs themselves have asserted that the district court has resolved the ERISA issue in their favor, *supra* at 6, and they cannot have it both ways. Either the arbitrators have plenary authority to decide the merits free of any preclusion by the district court's ruling, or the district court has denied the arbitrators that opportunity—and if its order casts its shadow on plaintiffs' arbitrations, it is appealable.

**Finally**, plaintiffs contend that any harm to Morgan Stanley's arbitration rights due to the district court's order is the result of "a self-inflicted wound." Plaintiffs' Mot. at 9. But Morgan Stanley explained that the deferred compensation awards are not ERISA plans *only* in response to the district court's *order* that Morgan Stanley address that issue. Dkt. 82 at 2. And in that very same response, Morgan Stanley reiterated that plaintiffs "[**m**]ust" arbitrate their claims. *See* Dkt. 85 at 5. Plaintiffs propound an unacceptably casual approach to compliance with the orders of a court when they suggest that Morgan Stanley should have refused to respond altogether.

### B. If Necessary, This Court Should Treat Morgan Stanley's Appeal as a Mandamus Petition and Exercise Its Mandamus Jurisdiction.

If this Court determines that it does not have Section 16 jurisdiction over Morgan Stanley's appeal, it should, in the alternative, construe the appeal as a mandamus petition and exercise its mandamus jurisdiction to order the district

court to withdraw its ERISA finding. *See Stein v. KPMG, LLP*, 486 F.3d 753, 758 (2d Cir. 2007) (citing cases). As Morgan Stanley will explain further in its merits brief, the prerequisites for mandamus are easily satisfied here. First, in the absence of Section 16 appellate jurisdiction, Morgan Stanley has "no other adequate means" of remedying the effects of the district court's improper ERISA finding. *In re United States*, 945 F.3d 616, 623 (2d Cir. 2019) (quotation omitted). Second, the district court committed "a clear and indisputable abuse of its discretion," *id.* at 625 (quotation omitted), when it resolved the merits of a dispute the parties' validly agreed to arbitrate. *See AT&T*, 475 U.S. at 649. Finally, mandamus is appropriate because it will "aid in the administration of justice" by enforcing the FAA and its protection of agreements to arbitrate. *See In re United States*, 945 F.3d at 628 (quotation omitted).

## II. THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' CONDITIONAL CROSS-APPEAL.

Plaintiffs' cross-appeal attempts to bootstrap jurisdiction based on Morgan Stanley's appeal. *See* Dkt. 101 at 1 (noting the conditional cross-appeal is "so that the Court of Appeals may consider the issues presented in the District Court's order granting [Morgan Stanley's] motion to compel arbitration"). But no matter how the district court's order is construed, plaintiffs have no jurisdictional basis to appeal it.

- 18 -

As the prevailing party in the district court's merits ruling, plaintiffs have no ability to appeal that ruling. *See Sheldon v. PHH Corp.*, 135 F.3d 848, 856 (2d Cir. 1998) (dismissing cross-appeal). Nor can they appeal the district court's order sending the remainder of their claims to arbitration. Section 16(b)(2) states that "an appeal may not be taken from an interlocutory order directing arbitration to proceed under [S]ection 4." 9 U.S.C. § 16(b)(2); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015). Plaintiffs read the order below as compelling arbitration, bringing their appeal within the four corners of Section 16's jurisdictional limitation. Plaintiffs do not and cannot offer any textual basis for jurisdiction under Section 16.

Instead, plaintiffs' Notice of Appeal appears to suggest that jurisdiction over Morgan Stanley's narrow appeal somehow necessarily creates jurisdiction over plaintiffs' cross-appeal as well, with a passing reference to pendent appellate jurisdiction. Dkt. 101. But pendent jurisdiction applies "only over an independent but related question that is inextricably intertwined with the appealable issue or is necessary to ensure meaningful review of that issue." *Warney v. Monroe Cnty.*, 587 F.3d 113, 126 (2d Cir. 2009) (cleaned up). Neither condition is satisfied here.

First, plaintiffs' challenge to arbitrability is not "inextricably intertwined" with the district court's improper and erroneous ERISA finding. As this Court explained, issues are "inextricably intertwined" where "the same specific question

will underlie both the appealable [issue] and the non-appealable [issue], such that our resolution of the question will necessarily resolve [both appeals] . . . at once." *Myers v. Hertz Corp.*, 624 F.3d 537, 553 (2d Cir. 2010) (cleaned up). But the non-appealable issue cannot require an "inquiry [that] would be different from, and significantly broader than, that needed to determine" the appealable issue. *Britt v. Garcia*, 457 F.3d 264, 273 (2d Cir. 2006). This holds true even when simultaneously resolving both issues might seem more efficient or when the issues share factual or legal similarities. *Myers*, 624 F.3d at 554.

This court's review of the district court's improper decision to reach the merits will not "necessarily resolve" plaintiffs' own appeal. Morgan Stanley is asking the Court to vacate the district court's merits commentary as unnecessary to the arbitration order. Plaintiffs' appeal of the district court's order would require the Court to reach different issues, such as (1) whether plaintiffs' individual benefits claims are arbitrable; (2) whether those claims should proceed to arbitration even if plaintiffs also assert "representative" ERISA claims; (3) whether plaintiffs assert any claims that are not subject to a valid arbitration agreement; and (4) whether plaintiffs may obtain complete relief on their claims (*i.e.*, reformation of their award terms and an award of benefits) in arbitration. None of those issues will be resolved by the Court's determination on whether the district court improperly addressed the merits in an order on a motion to compel arbitration. In

short, the parties' appeals present issues that are far from "essentially identical." *See Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 761 (2d Cir. 1998) (declining pendent jurisdiction over personal jurisdiction issues in a subject matter jurisdiction appeal).

Second, plaintiffs' challenge is not "necessary to ensure meaningful review" of Morgan Stanley's appeal. Pendent jurisdiction under this prong arises only when failing to address the non-appealable issue would "handicap[]" the Court's ability to review the appealable order. *Myers*, 624 F.3d at 553 (internal quotation marks omitted). Here, the arbitrability question that plaintiffs seek to appeal is analytically distinct from the ERISA question raised by Morgan Stanley, as the district court's own order recognized. Dkt. 86 at 29–39 (holding that plaintiffs' claims were arbitrable despite concluding that the deferred compensation awards are subject to ERISA). This Court can meaningfully review whether the district court improperly ruled on the merits of the parties' dispute without reviewing and revisiting the other rulings that led the district court to conclude that plaintiffs' claims are subject to arbitration.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over Morgan Stanley's appeal. Separately, plaintiffs' cross-appeal should be dismissed for lack of jurisdiction.

Dated: January 6, 2025

PAMELA A. MILLER
ANTON METLITSKY
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 326–2000
Fax: (212) 326–2061
pmiller@omm.com
ametlitsky@omm.com

Respectfully submitted,

*/s/ Meaghan VerGow*

MEAGHAN VERGOW
BRIAN D. BOYLE
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Tel: (202) 383–5300
Fax: (202) 383–5414
mvergow@omm.com
bboyle@omm.com

*Attorneys for Defendants-Appellants Morgan Stanley, Morgan Stanley Smith Barney LLC, and Morgan Stanley Compensation Management Development and Succession Committee*

## CERTIFICATE OF COMPLIANCE

1.  This document complies with type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 4,977 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 27(d)(1)(E) and the type-style requirements of Fed. R. App. P. 32(a)(6) and 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated:  January 6, 2025                    Respectfully submitted,

                                           */s/ Meaghan VerGow*
                                           _____
                                           MEAGHAN VERGOW
                                           O'MELVENY & MYERS LLP
                                           1625 Eye Street, N.W.
                                           Washington, D.C. 20006
                                           Tel: (202) 383–5300